UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT ANNABEL, II, #414234,

        Plaintiff,

v.

JAMES ARMSTRONG, et al.,

        Defendants.

Case No. 1:09-cv-796

Honorable Robert Holmes Bell

**REPORT AND RECOMMENDATION**

This is a civil action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is currently an inmate at the Macomb Correctional Facility (MRF). The matter is before the court on plaintiff's motion for a preliminary injunction. (docket # 53). Plaintiff seeks an injunction compelling "defendants, their successors in office, agents and employees, and all other persons acting in concert and participation with their employment with the Michigan Department of Corrections to provide him with official photocopy loans [for] typed or handwritten pleadings pertaining to this litigation." (*Id.* at ¶ 1). For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction be denied.

**Discussion**

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his [] burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The four factors this court is to consider are well established, *see Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000),

and the United States Court of Appeals for the Sixth Circuit reviews decisions granting or denying motions for preliminary injunctions under an abuse of discretion standard. *See Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claims. His bare conclusion that he has "raised eleven individual claims, for which he is likely to prevail on at least some of those claims," does not suffice. (Plf. Motion, ¶ 4; *see* Plf. Brief at 3, docket # 54).

Plaintiff has not shown that an injunction is necessary to prevent irreparable harm. He is not entitled to have his civil lawsuits subsidized by others. Like all other civil litigants, plaintiff must pay his own litigation expenses. *See Tabron v. Grace*, 6 F.3d 147, 158-60 (3d Cir. 1993); *see also Murphy v. Kollar-Kotelly*, No. 1:07-68, 2008 WL 899357, at * 1 (M.D. Tenn. Apr. 1, 2008). His argument that he might someday miss a court deadline because he "cannot efficiently mass produce pleadings" (Plf. Brief at 3) is speculation. Generally, as a consequence of their confinement, prisoners have far more time to devote to their legal paperwork than other civil litigants. The 29-year-old plaintiff argues that it takes time for him to make copies by hand or by typewriter, that he makes mistakes, and that making copies by hand is "grueling" and "arthritically painful after several pages." (Plf. Brief at 1, docket # 54). It is well established that arguments presented in a party's brief are not evidence. *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006). There is no evidence supporting plaintiff's motion. The court takes judicial notice of its own records which reveal that plaintiff has engaged in extensive motion practice in this and other lawsuits. *See e.g.*, *Annabel v. Caruso, et al.*, 1:09-cv-176 (W.D. Mich.). The Constitution does not guarantee plaintiff the wherewithal to transform himself into a "litigating engine." *Lewis v. Casey*,

518 U.S. 343, 355 (1996). The inconvenience he faces "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* The public interest would not be served by issuing a preliminary injunction, and the issuance of a preliminary injunction would constitute unwarranted federal court interference with the State's operation of its prisons.

## Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction (docket # 53) be denied.

Dated: May 11, 2010          /s/ Joseph G. Scoville
                             United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)©; FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).