UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT ANNABEL, II, #414234,           )
                                        )
             Plaintiff,                 )   Case No. 1:09-cv-796
                                        )
v.                                      )   Honorable Robert Holmes Bell
                                        )
JAMES ARMSTRONG, et al.,                )   **REPORT AND RECOMMENDATION**
                                        )
             Defendants.                )
_____)

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. The matter is before the court on plaintiff's most recent motion for a preliminary injunction. (docket # 113). He seeks an injunction compelling "defendants, their successors in office, agents and employees, and all other persons acting in concert and participation with them" from searching his property, removing items from his possession, and preventing anyone he has sued to be in contact with him. For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction be denied.

**Discussion**

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his [] burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The four factors this court is to consider are well established, *see Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000), and the United States Court of Appeals for the Sixth Circuit reviews decisions granting or denying

motions for preliminary injunctions under an abuse of discretion standard. *See Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claims. He has not shown that an injunction is necessary to prevent irreparable harm. Plaintiff's attempt to prevent prison guards from searching or removing his property and his desire to control via lawsuits the guards he comes into contact with are perfectly understandable, yet fundamentally incompatible with his status as an incarcerated felon. The public interest would not be served by issuing a preliminary injunction, and the issuance of a preliminary injunction would constitute unwarranted federal court interference with the State's operation of its prisons.

### Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction (docket # 113) be denied.

Dated: March 21, 2011  /s/ Joseph G. Scoville
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).