UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL, II, #414234,

        Plaintiff,

                                         File No. 1:09-CV-796

v.

                                         HON. ROBERT HOLMES BELL

JAMES ARMSTRONG, et al.,

        Defendants.
                                  /

**OPINION**

On March 30, 2011, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Defendants' motions for summary judgment (Dkt. Nos. 40, 85, 94) be granted and that a final judgment be entered in Defendants' favor on all of Plaintiff's claims. (Dkt. No. 117, R&R.) Plaintiff filed objections to the R&R on April 5, 2011. (Dkt. No. 123, Objs.) Plaintiff has also appealed the Magistrate Judge's order staying interrogatories. (Dkt. No. 115, Disco. Order; Dkt. No. 118, Appeal.)

**I.**

Plaintiff appeals the Magistrate Judge's discovery order because he contends that Defendants' qualified immunity claim is so closely related to Plaintiff's ability to present sufficient evidence in opposition to their motion for summary judgment that it would greatly prejudice Plaintiff not to be able to conduct simple discovery through interrogatories.

A Magistrate Judge's resolution of a non-dispositive pretrial matter should be modified or set aside on review by the district court only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a). The "clearly erroneous" standard applies only to the Magistrate Judge's findings of fact. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). The Magistrate Judge's legal conclusions are reviewed under the "contrary to law" standard. *Id*. "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Federal Rules of Civil Procedure permit a court to defer ruling on a motion for summary judgment if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d).

> [T]he plaintiff is required to file an affidavit or motion explaining what material facts he hopes to uncover by the requested discovery. If the plaintiff makes only general and conclusory statements in his affidavit regarding the needed discovery, lacks any details or specificity, it is not an abuse of discretion for the district court to deny the request.

*Cardinal v. Metrish*, 564 F.3d 794, 797-98 (6th Cir. 2009) (citations omitted). In support of his motion for interrogatories and in opposition to Defendants' motion to stay discovery, Plaintiff merely asserted that he needed to conduct discovery because Defendants were basing their motion for summary judgment on Plaintiff's inability to produce sufficient

2

evidence. (Dkt. Nos. 66, 88.) In light of Plaintiff's failure to specify what information he hoped to uncover through discovery, the Magistrate Judge's denial of discovery is not contrary to law. The Magistrate Judge's discovery order will accordingly be affirmed.

## II.

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff has raised twelve numbered objections to the R&R. In his first objection, Plaintiff contends that the Magistrate Judge has viewed the facts in a light most favorable to Defendants rather than to Plaintiff. Specifically, Plaintiff contends that the R&R has misstated or ignored the following: (1) evidence that Plaintiff filed a grievance against Defendant Rutgers regarding the retaliatory confiscation of his pens almost a week before Rutgers wrote a misconduct, and the affidavit of Prisoner Michael Key showing that Rutgers threatened to open the door on March 17, 2008 , not Plaintiff; (2) evidence that it is common practice for ICF staff to refuse to remove restraints even when the prisoner complies with rules while in them; (3) the lack of proof that Plaintiff misused any law books; (4) the

3

inference that Plaintiff's poor hygiene might be attributable to his being denied showers and hygiene supplies; (5) Plaintiff's grievance filed on the September 4, 2008, incident (#ICF/08/09/2115/15C) which was never returned by Internal Affairs, and the fact that there was no video recording of the incident as required by policy; and (6) the affidavits of nine other prisoners submitted by Plaintiff.

Plaintiff correctly notes that he filed his grievance against RUO Rutgers (Rugentag) prior to the March 23, 2008, misconduct, rather than "while" the misconduct charge was pending, as stated in the R&R. (*See* R&R 7.) Nevertheless, Plaintiff has not shown that this, or any of the other listed facts, were material to the Magistrate Judge's recommendation on the motions for summary judgment. On *de novo* review, the Court is satisfied that the Magistrate Judge appropriately viewed the relevant evidence in the light most favorable to Plaintiff and drew all reasonable inference in his favor.

Plaintiff's second objection is that the relief he seeks is not moot because he may be returned to ICF. The Magistrate Judge correctly found, based on the relevant case law, that this issue is moot. (R&R 21.)

Plaintiff's third objection is that the Magistrate Judge construed his claims concerning major misconduct tickets as procedural due process claims rather than as retaliation claims. Plaintiff's objection is not well-founded. The Magistrate Judge liberally construed Plaintiff's complaint, and considered the claims both as procedural due process claims and as retaliation claims. (*See* R&R 21-23, 34-37.)

4

In his fourth objection Plaintiff contends that Defendants do not have *carte blanche* to do whatever they please merely because Plaintiff engaged in misconduct in response to provocation by Defendants. This objection is not responsive to the R&R. The Magistrate Judge clearly recognizes the Eighth Amendment's limitations on the power of the states to punish those convicted of crimes. (*See* R&R 24.) Although the constitutionality of the force used will often present a jury question, the Magistrate Judge appropriately found, under the facts of this case, that no reasonable jury could conclude that Defendants acted maliciously and sadistically for the purpose of causing Plaintiff serious harm. (*See* R&R 24-28.)

Plaintiff's fifth objection concerns the statement that Plaintiff cannot litigate the claims of other prisoners. (*See* R&R 28.) Plaintiff denies any attempt to litigate on behalf of other prisoners, and explains that he has offered evidence of other prisoners' experiences only to establish the subjective component of Defendants' deliberate indifference to the risk of guards assaulting ICF prisoners. The R&R rejects Plaintiff's claim of deliberate indifference to the risk of assaults by guards against Plaintiff on five independent grounds. Even if one ground is not responsive to Plaintiff's claims, rejection of Plaintiff's deliberate indifference claim is still supported by the four other grounds articulated in the R&R. (*See* R&R 28-29.)

In his sixth objection, Plaintiff objects to the reference to his admission that he used a toothbrush to damage a sprinkler in August 2008 as "false evidence" that he was not denied hygiene supplies in July 2008. The R&R has not used "false evidence." The R&R only

mentioned Plaintiff's possession of a toothbrush in August 2008 to support the finding that there was no evidence to suggest that Plaintiff was deprived of adequate hygiene items when his behavior would allow them.  (R&R 30.)

Plaintiff's seventh objection is based on his contention that his claim regarding the taking of his ink pens was a retaliation claim, rather than a due process deprivation of property claim.  Plaintiff's objection is not well-founded.  The Magistrate Judge liberally construed Plaintiff's complaint, and considered the claim both as a due process claim and as a retaliation claim.  (*See* R&R 31, 34-37.)

Plaintiff's eighth objection is to the finding that he did not produce evidence of "actual injury" to support his access to courts claim.  Plaintiff contends that his "actual injury" is the delay in the filing of his habeas petition.  Although the habeas petition has not been dismissed because of this delay, Plaintiff contends that if his petition is granted, he will not be released as early as he would have had it been filed earlier.  Plaintiff's alleged injury is speculative.  A speculative injury does not vest a plaintiff with standing to assert an access to courts claim.  *Thomas v. Campbell*, 12 F. App'x 295, 297 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351-52)).  Plaintiff also objects to the Magistrate Judge's failure to recognize that his claim regarding the delayed filing of his habeas case is also a retaliation claim which does not require "actual injury."  The Magistrate Judge recognized that retaliation is a component of "virtually every claim against every defendant."  (R&R 34.) The Magistrate Judge's analysis of Plaintiff's retaliation claims does not turn on the presence

6

or absence of "actual injury."

For his ninth objection, Plaintiff contends that his verified complaint and affidavit, when viewed against Defendant King's affidavit, create an issue of fact for trial. It is not clear what issue of fact Plaintiff believes is in contention. Objections to an R&R "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). If the issue of fact is whether or not Defendant King confiscated an affidavit from Plaintiff, the Court finds that this issue is not material. Plaintiff concedes that he surrendered the food slot when King returned the affidavit to him, so there is no dispute that Plaintiff did take the food slot hostage.

In his tenth objection Plaintiff contends that his own affidavit and affidavits of other prisoners show that it is common practice for ICF staff to write false misconducts that prisoners refuse to surrender restraints in order to leave them in restraints. Plaintiff contends that this creates an issue of fact that he did not always refuse to be removed from restraints. Plaintiff's evidence that some staff sometimes acted in a certain way is not sufficient to show that a particular defendant acted in a certain way on a particular date. Plaintiff's evidence is not sufficient to create an issue of fact for trial.

Plaintiff's eleventh objection is based on his contention that he need not show significant injury to support his claims that Defendants inflicted unnecessary and wanton pain, and his further assertion that he does in fact have scars from injuries inflicted by

Defendants.  Plaintiff's objection is not well taken.  The R&R recognized that "guards may not inflict an unjustified beating upon a prisoner and then seek to defend their actions by the lack of serious or life-threatening injuries." (R&R 24.)  Moreover, the R&R assumed that some of Plaintiff's allegations are sufficiently serious to meet the objective component. (R&R 25.)  Accordingly, this objection does not identify any error in this R&R.

In his final objection, Plaintiff contends that, by making findings on the degree to which Plaintiff's mental illness affects his judgment and behavior, the Magistrate Judge has improperly assumed the role of an expert in psychiatry.  Plaintiff's objection lacks merit.  The references in the R&R to Plaintiff's mental illness were based on Plaintiff's medical record, not on the Magistrate Judge's personal findings.

In summary, upon *de novo* review, the Court agrees with the R&R's analysis and disposition of Defendants' motions, and none of Plaintiff's objections convince the Court to reject or modify the recommended disposition.

An order and judgment consistent with this opinion will be entered.


Dated: August 31, 2011                                /s/ Robert Holmes Bell
                                                                ROBERT HOLMES BELL
                                                                UNITED STATES DISTRICT JUDGE